USDC SCAN INDEX SHEET

JPP 8/25/06 14:43

3:06-CV-01700 NOLAN V. COUNTY OF SAN DIEGO

*1*

*CMP.*

James E. Dunn - State Bar Number 188040
Attorney at Law
550 West C Street, Suite 1960
San Diego, California 92101
Telephone: 619-234-5778

Attorney for Amber Nolan, previously know as Amber Gansel, and Timothy Nolan

FILED
06 AUG 22 AM 4:27
U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

AMBER NOLAN, Previously Known as AMBER GANSEL, and TIMOTHY NOLAN,
Plaintiffs,

vs.

COUNTY OF SAN DIEGO, OFFICER TIM DINGER, OFFICER NANETTE McMASTER, and Does 1 through 20,
Defendants.

Case No: '06CV 1700 JAH AJB

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1. 42 U.S.C. § 1983 et seq. Civil Rights Violations
2. Unlawful Policies, Customs or Habits
3. False Imprisonment
4. Battery
5. Negligence
6. Civil Code Section 52.1

Plaintiffs allege:

**JURISDICTION**

1. This is a lawsuit for money damages and is brought pursuant to 42 U.S.C. §1983, et seq., and the Fourth and Fourteenth Amendments to the United States Constitution, for personal injuries and violation of constitutional rights by defendants County of San Diego and San Diego Sheriff Department Officer Tim Dinger, ID #2078, and Officer Nanette McMaster, ID #2830, and DOES 1-20. Jurisdiction is founded on 28 U.S.C. Section 1331 and 1343 and the aforementioned statutory and Constitutional provisions. State claims of battery, negligence and

false imprisonment are alleged as well. Plaintiffs invoke the court's supplemental jurisdiction to consider these state law claims.

## GENERAL ALLEGATIONS

2. Plaintiffs are and were at all material times mentioned herein residents of the County of San Diego, State of California.

3. At all times mentioned herein defendants Officer Tim Dinger and Officer Nanette McMaster were employees of the County of San Diego and in doing the acts hereinafter described acted within the course and scope of their employment. The acts of all defendants, and each of them, were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. The defendants named above and DOES 1 through 20 are sued individually and in their capacities as employees of the County of San Diego.

4. The true names or capacities whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 20 are unknown to Plaintiffs, who therefore sue said defendants by said fictitious names. Plaintiffs will amend this complaint to show said defendants' true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and thereon allege that all defendants sued herein as DOES are in some manner responsible for the acts and injuries alleged herein.

5. Plaintiffs are informed and believe and therefore allege that at all times mentioned herein each of the defendants was the agent, servant and/or employee of each of the remaining defendants and were, in doing the acts herein alleged, acting within the course and scope of this agency and/or employment and with the permission, consent and authority of their co-defendants and each of them, and each is responsible in some manner for the occurrences hereinafter alleged; and that Plaintiffs' injuries were proximately caused by the actions of each.

**FACTUAL ALLEGATIONS**

6. On July 13, 2005 at about 2238 hours, at 2000 S. Melrose Drive #112, Vista, CA 92083. Officers Tim Dinger and Nanette McMaster, from the San Diego County Sheriff's department, received a radio call to investigate a family disturbance called in by a neighbor.

7. Officer McMaster knocked on the door of Plaintiffs' apartment with her flashlight and identified herself. Neither officer attempted to contact the reporting party prior to approaching the apartment door. Amber Nolan refused to open the door and stated that everything was OK. Plaintiffs both belong to the United States Marine Corps.

8. Officer McMaster asked Amber Nolan to open the door so they could check on her welfare. Officer McMaster again demanded that Amber Nolan open the door. Amber Nolan again refused. Officer McMaster stated that she would break the door down if she did not open it. With that threat Amber Nolan partially opened the door. She was standing at the door wearing shorts and a T-shirt. Neither Plaintiff had any marks, bruises or injuries nor neither person sought or wanted assistance. Timothy Nolan was standing nearby and was also wearing a green T-shirt and shorts. Officer McMaster directed Amber Nolan to step outside.

9. Timothy Nolan stated that he knew his rights and neither of them needed to talk to the Deputies. McMaster again told Amber Nolan to walk outside but both Plaintiff chose to stay in their home.

10. Dinger then stepped forward and directed Plaintiffs to do what the Deputies were directing them to do. Timothy Nolan told the deputies that they did not have probable cause to be at the apartment and that his sister was a prosecutor in New York and he knew his rights. Dinger profanely told Timothy Nolan that he did not care. The deputies admitted that they did not have probable cause. Plaintiffs told the Deputies to go away and leave them alone. Next Dinger charged through the doorway grabbing Timothy Nolan while McMaster grabbed Amber Nolan by the hair and arm and jerked her out onto the patio and threw her to the ground and handcuffed her. Dinger placed claimant into a choke hold and lifted him off the ground eventually throwing him to the ground and arrested him. Dinger and McMaster stated that the reason for entering the

apartment was to arrest Plaintiffs for a violation of Penal Code section 148 and for a violation of Penal Code section 243(b).

11. On October 17, 2005, a jury rendered a verdict of Non Guilty for Both Plaintiffs on the charges of violation of Penal Code section 148 and on the charges of violation of Penal Code section 243(b).

**FIRST CLAIM FOR DAMAGES**
**[42 U.S.C. § 1983 Constitutional Violations-**
**Unlawful Search and Seizure/Excessive Force**
**Against All Defendants]**

12. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 11 above as though fully set forth herein.

13. As a result of the acts alleged above, Plaintiffs were unlawfully seized by Defendants Officer Tim Dinger, Officer Nanette McMaster and Does 1 through 20. Thus, Plaintiffs suffered an unlawful search and seizure in violation of their constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiffs are entitled to damages pursuant to Title 42 U.S.C. S 1983, et seq. in an amount to be proven at trial.

14. As a further result of the acts alleged above, particularly the unjustified and unnecessary use of force on Plaintiffs, Defendants Officer Tim Dinger, and Officer Nanette McMaster used unnecessary, unjustified and excessive force upon Plaintiffs. This unreasonable and excessive force constituted an unlawful seizure, in violation of Plaintiffs' constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiffs are entitled to damages pursuant to Title 42 U.S.C. S 1983 in an amount to be proven at trial.

15. As a proximate result of the acts alleged above, Plaintiffs were injured in mind and body. Plaintiffs suffered severe physical and emotional distress because of the arrest and the excessive force which was used against them. Also, Amber Nolan's infant child was sleeping when those events occurred in one of the apartment's room. As a result of the arrest, Plaintiffs were charged with "cruelty to a child by endangering health", although Plaintiffs did not do

anything wrong. Plaintiffs are still fighting today to regain custody of the infant child, and have a growing legal bill as a result of the false arrest. Plaintiffs' otherwise stellar career in the Marine Corps has been derailed by the unlawful acts of the deputies in this case.

16. In committing the acts alleged above, Officer Tim Dinger, and Officer Nanette McMaster acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiffs, and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

**SECOND CLAIM FOR DAMAGES**
**[42 U.S.C. S 1983 Constitutional Violations via**
**Unlawful Policies, Customs or Habits**
**Against the COUNTY OF SAN DIEGO]**

17. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 16 above as though fully set forth herein.

18. On information and belief Plaintiffs allege that defendant County of San Diego, through its Sheriff Department, has unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its officers, including the individual defendants named herein, legally causing the constitutional deprivations, injuries and damages alleged in the First Cause of Action. As a result, Plaintiffs are entitled to damages pursuant to Title 42 U.S.C. 1983, in an amount to be proven at trial.

19. Further, on information and belief Plaintiffs allege that defendant County of San Diego, through its Sheriff department, has an unlawful policy, custom or habit of permitting or condoning the unnecessary and unjustified use of force by officers, including Officer Tim Dinger, and Officer Nanette McMaster, of permitting or condoning attitude arrests and/or acts of unreasonable force related thereto by its officers, including the individual defendant named herein. Defendant County of San Diego has a further unlawful policy, custom and habit of inadequate training, supervision and disciplining of errant officers.

20. Defendant County of San Diego has a further unlawful custom, policy and habit of permitting or condoning unlawful detention, arrest, booking and incarceration procedures and practices by its officers. Said unlawful policies, customs and habits proximately caused the constitutional deprivations, injuries and damages alleged in the First Cause of Action. As a result, Plaintiffs are entitled to damages pursuant to Title 42 U.S.C. § 1983, in an amount to be proven at trial.

21. As a proximate result of the unlawful policies, customs and habits alleged above, Plaintiffs suffered the injuries alleged in paragraph 15 above and thus is entitled to general and compensatory damages in an amount to be proven at trial.

**THIRD CLAIM FOR DAMAGES**
**[False Imprisonment;**
**Against All Defendants]**

22. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 21 above as though fully set forth herein.

23. By the acts alleged herein, particularly the acts of accusing and detaining Plaintiffs and having them arrested and placed in custody without reasonable cause, Plaintiffs were falsely imprisoned, entitling them to damages pursuant to California law.

24. As a result of these acts Plaintiffs suffered the injuries and damages described in paragraph 15 above, entitling them to damages in an amount to be proven at trial.

25. The charges held against Plaintiffs were wholly false and Plaintiffs did not at any time commit any crime or offense and were wholly innocent of any and all charges made against them by Defendants, and each of them, and had not committed any act which would give defendants any reasonable cause whatsoever to believe that Plaintiffs were guilty of any crime or wrongdoing. In making these false charges herein alleged, and confining, detaining, and imprisoning Plaintiffs as herein alleged, Defendants acted maliciously and/or were guilty of a

wanton and reckless disregard for the rights and feelings of plaintiffs, and by reason thereof plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

**FOURTH CLAIM FOR DAMAGES**
**[Battery;**
**Against All Defendants]**

26. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 25 above as though fully set forth herein.

27. By the acts alleged herein, Defendants committed battery upon Plaintiffs, entitling Plaintiffs to damages pursuant to California law.

28. As a result of these acts plaintiffs suffered the injuries and damages described in paragraph 15 above entitling them to damages in an amount to be proven at trial.

**FIFTH CLAIM FOR DAMAGES**
**[Negligence;**
**Against All Defendants]**

29. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 28 above as though fully set forth herein.

30. By the acts alleged above, Defendants and each of them were negligent and breached their duty of due care owed to plaintiffs, thereby causing the injuries, emotional distress and the damages described in paragraph 15 above.

**SIXTH CLAIM FOR DAMAGES**
**[Code § 52.1;**
**Against All Defendants]**

31. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 30 above as though fully set forth herein.

32. By the acts alleged above, Plaintiffs suffered, by threats, intimidation, force or coercion, violations of their state constitutional rights, including their right to enjoy life, liberty, safety, happiness and privacy entitling them to damages pursuant to California law, particularly Civil Code § 52.1.

33. By the acts alleged above, Plaintiffs suffered the injuries described in paragraph 15, thus entitling them to general and compensatory damages in an amount to be proven at trial.

34. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights and safety of Plaintiffs and by reason thereof, Plaintiffs demand exemplary and punitive damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffspray for judgment against defendants and each of them as follows:

1. For general and compensatory damages against defendants and each of them in an amount to be proven at trial;

2. For exemplary and punitive damages defendants and each of them, in an amount to be proven at trial;

3. For costs of suit herein, including reasonable attorneys fees; and

4. For such other and further relief as the Court deems proper.

Dated: 08/22/06

James E. Dunn, Attorney for Plaintiffs

**Demand for Jury Trial**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand trial by jury in this action for all appropriate issues so triable.

Dated: 08/22/06

James E. Dunn, Attorney for Plaintiffs

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
Amber Nolan, previously known as Amber Gansel, and Timothy Nolan

**DEFENDANTS**
County of San Diego, Officer Tim Dinger, Officer Nancy ..., and Does 1-20.

FILED 06 AUG 22 PM 4:26

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

BY: DEPUTY

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
James E. Dunn, SBN 188040
550 West C Street, Suite 1960
San Diego, CA 92101

**ATTORNEYS (IF KNOWN)**

'06CV 1700 JAH AJB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).** (1) 42 U.S.C. § 1983. (2) Unlawful Policies, customs or habits; (3) False imprisonment; (4) Battery; (5) Negligence; (6) Civil Code Section 52.1

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment &Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153Recovery of Overpayment of Veterans Benefits
☐ 160 Stockholders Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Tort to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury- Medical Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☒ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prisoner Conditions

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (13958)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reappointment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities Exchange
☐ 875 Customer Challenge 12 USC
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State
☐ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
**DEMAND $** By proof at trial
Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 08/22/06 SIGNATURE OF ATTORNEY OF RECORD [signature]

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

128486 $350. SR 8/22/06