JOHN J. SANSONE, County Counsel (State Bar No. 103060)
County of San Diego
By MORRIS G. HILL, Senior Deputy (State Bar No. 97621)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-4877; Fax: (619) 531-6005
E-mail: morris.hill@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, Tim Dinger and Nanette McMasters (erroneously sued as "Nanette McMaster")

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMBER NOLAN, previously known as AMBER GANSEL, and TIMOTHY NOLAN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, Officer TIM DINGER, Officer NANETTE MCMASTER, and DOES 1 through 20,<br><br>Defendants. | No. 06-cv-1700-JAH(AJB)<br><br>ANSWER BY DEFENDANTS COUNTY OF SAN DIEGO, TIM DINGER AND NANETTE MCMASTERS TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL |

Defendants County of San Diego, Tim Dinger and Nanette McMasters (erroneously sued as "Nanette McMaster") answer plaintiffs' complaint and allege:

1. Answering paragraph 3, defendants admit that the named deputies were employed by the County of San Diego, and that they were acting in the course and scope of employment at all pertinent times. Except as expressly admitted, defendants have insufficient information or belief concerning the allegations, and deny them on that basis.

2. Answering paragraphs 4, 5, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33 and 34, defendants have insufficient information or belief concerning the allegations, and deny them on that basis.

3. Answering paragraph 6, defendants admit that radio calls were transmitted on the alleged date concerning reported disturbances at the alleged address. Except as expressly admitted, defendants have insufficient information or belief concerning the allegations, and deny them on that basis.

4. Answering paragraph 7, defendants admit that during a response to plaintiffs' residence, Deputy McMasters knocked on the door with her flashlight, plaintiff Amber Nolan (then named Gansel) refused to open the door, stating things were "ok." Except as expressly admitted, defendants have insufficient information or belief concerning the allegations, and deny them on that basis.

5. Answering paragraph 8, defendants admit that during a response to plaintiff's residence, Deputy McMasters announced deputies would check the welfare of occupants, that plaintiff Amber Nolan (then named Gansel) refused to open the door after that announcement, that Deputy McMasters announced that deputies would force entry if the door was not opened, that plaintiff Amber Nolan (then named Gansel) opened the door, that both plaintiffs were wearing shorts and T-shirts, that plaintiffs told deputies to leave, and that Deputy McMasters asked plaintiff Amber Nolan (then named Gansel) to step outside. Except as expressly admitted, defendants have insufficient information or belief concerning the allegations, and deny them on that basis.

6. Answering paragraph 9, defendants admit that during a response to plaintiffs' residence, plaintiff Timothy Nolan stated that he knew his rights, and he stated that plaintiffs did not have to speak to deputies, and that Deputy McMasters asked plaintiff Amber Nolan (then named Gansel) to step outside. Except as expressly admitted, defendants have insufficient information or belief concerning the allegations, and deny them on that basis.

7. Answering paragraph 10, defendants admit that plaintiff Timothy Nolan stated that his sister was a prosecutor in New York and stated that he knew his rights, that he told deputies to leave, that Deputy Dinger placed plaintiff Timothy Nolan in a carotid hold, and that Deputy McMasters pulled plaintiff Amber Nolan (then named Gansel) by

her arm and pony tail before falling to the floor. Except as expressly admitted, defendants have insufficient information or belief concerning the allegations, and deny them on that basis.

AFFIRMATIVE DEFENSES

1. Entry and related law enforcement conduct was justified by the emergency and/or exigency exceptions to the warrant requirement.

2. Plaintiffs' arrest and imprisonment were lawful based on probable or reasonable cause justifying arrest.

3. The physical contact and force employed by deputies on plaintiffs was lawful and privileged from liability, because it was reasonable to effect arrest, to overcome resistance, and for self-defense, and was objectively reasonable.

4. To the extent plaintiffs allege negligence, defendants provisionally allege that plaintiffs were themselves negligent in any matter in which they were alleged to be negligent.

5. Defendant County of San Diego is not liable for the consequences of implementation of policies or policymaking activities of the Sheriff related to enforcing state criminal law.

6. Defendant County of San Diego is not liable for the consequences of implementation of policies or policymaking activities of the District Attorney related to enforcing state criminal law, or prosecuting alleged violations of state criminal law.

7. Individual defendants are entitled to qualified immunity from liability.

8. To the extent plaintiffs' alleged damages arise from initiating or prosecuting criminal charges, defendants are immune from such liability.

WHEREFORE, said defendants pray as follows:

1. That the action be dismissed with prejudice;

2. That plaintiffs take nothing by their action;

///

///

3. That defendants recover their costs of suit incurred herein, including attorneys' fees; and

4. For such other and further relief as the Court deems proper and just.

DATED: December 20, 2006 JOHN J. SANSONE, County Counsel

By: s/ MORRIS G. HILL, Senior Deputy
Attorneys for Defendants County of San Diego,
Tim Dinger and Nanette McMasters (erroneously
sued as “Nanette McMaster”)
E-mail: morris.hill@sdcounty.ca.gov

**JURY TRIAL DEMAND**

Defendants hereby demand a trial by jury.

DATED: December 20, 2006 JOHN J. SANSONE, County Counsel

By: s/ MORRIS G. HILL, Senior Deputy
Attorneys for Defendants County of San Diego,
Tim Dinger and Nanette McMasters (erroneously
sued as “Nanette McMaster”)
E-mail: morris.hill@sdcounty.ca.gov

Declaration of Service

I, the undersigned, declare:

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California where the service occurred; and my business address is: 1600 Pacific Highway, Room 355, San Diego, California.

On December 20, 2006, I served the following documents: **Answer By Defendants County Of San Diego, Tim Dinger And Nanette Mcmasters To Plaintiffs' Complaint For Damages; Demand For Jury Trial** in the following manner:

☐ By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named below and depositing each in the U. S. Mail at San Diego, California.

☒ By electronic filing, I served each of the above referenced documents by E-filing, in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California, as to the following parties:

James E. Dunn, Esq.
550 West "C" Street, #1960
San Diego, California 92101
(619) 234-5778
(619) 234-7401 (fax)
E-mail: jdunn888@gmail.com
(Attorneys for Plaintiffs Amber Nolan and Timothy Nolan)

Executed on December 20, 2006, at San Diego, California.

By: s/ MORRIS G. HILL
E-mail: morris.hill@sdcounty.ca.gov